393 P.2d 487

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Lloyd B. HART, Defendant and Appellant.**

**No. 9995.**

Supreme Court of Utah.

June 25, 1964.

Phil L. Hansen, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Deputy Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant appeals from a jury conviction of the crime of second degree burglary. He was arrested, along with two other men, at the scene of the crime on Sunday, January 27, 1963, at approximately 8:15 p. m. He was taken to the jail by the arresting officers and "booked" at approximately 9:-30 p. m. The next morning, at approximately 11:00 a. m., he was questioned by an officer and voluntarily confessed. The only issue raised in this appeal is whether the trial court erred in admitting the confession because it was obtained before the defendant had been taken to a magistrate "without unnecessary delay" as proscribed by 77–13–17, U.C.A. 1953.

Defendant's contention is without merit. This court has previously held that a confession, voluntarily given, is not rendered inadmissible because it was obtained prior to the time the accused was taken before a magistrate.

We do not desire to indicate that there was either an unreasonable or an unnecessary delay here, but even if there had been, that would not render the confession inadmissible in the absence of any indication that such delay had some causative effect upon the giving of the confession.[1]

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

1. State v. Gardner, 119 Utah 579, 230 P.2d 559 (1951). See also: Osborn v. Harris, 115 Utah 204, 203 P.2d 917; Mares

v. Hill, 118 Utah 484, 222 P.2d 811; State v. Braasch, 119 Utah 450, 458, 229 P.2d 289.